IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL BENITO ROBERT HERNANDEZ,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-3262 |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                                   **AUGUST 5, 2025**

*Pro se* litigant Gabriel Benito Robert Hernandez seeks to remove a case from the Superior Court of Pennsylvania to this Court. He also filed motions seeking to proceed *in forma pauperis* and asking for a stay of the state-court proceedings. For the following reasons, the Court will remand the matter to the state court and deny Hernandez's motions as moot.

**I.     FACTUAL ALLEGATIONS**[1]

On June 23, 2025, Hernandez filed a "Notice of Removal," purporting to remove a "state appellate matter" to this Court, citing *Commonwealth v. Hernandez*, No. 1338 MDA 2024 (Pa. Super. Ct.). (ECF No. 1 at 2.) Mr. Hernandez alleges "years of constitutional and procedural violations in the Pennsylvania court system, beginning with actions at the municipal level and continuing through the Court of Common Pleas and now the Superior Court." (*Id.*) Alongside allegations of "bias and improper coordination," Hernandez asserts that he is disabled, and that

---

[1] The allegations set forth in this Memorandum are taken from Hernandez's Notice of Removal. (ECF No. 1.) The Court adopts the pagination supplied by the CM/ECF docketing system. Grammar, spelling, and punctuation errors in quotes from Hernandez's submissions are cleaned up where necessary. The Court also takes judicial notice of facts reflected in publicly available state court records. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

the state courts have violated his rights under the Americans with Disabilities Act of 1990 ("ADA"). (*See id.* at 3.) He asks this court to "[a]ssume jurisdiction over the matter." (*Id.* at 4.)

## II. DISCUSSION

Mr. Hernandez attempts to remove his ongoing case from its posture on appeal to the Pennsylvania Superior Court. As Hernandez states in his removal notice, his case began in the Berks County Magisterial District Court, where he was charged with and then found guilty of operating a vehicle following the suspension of its registration, in violation of 75 Pa. Cons. Stat. § 1371(a). *See Commonwealth v. Hernandez*, No. MJ-23301-TR-0000309-2024 (Mag. Dist. Berks). Hernandez then filed a summary appeal to the Berks County Court of Common Pleas and was again found guilty of the offense after a hearing. *See Commonwealth v. Hernandez*, No. CP-06-SA-0000161-2024 (C.P. Berks). Hernandez appealed that decision to the Pennsylvania Superior Court, and that pending appeal is the subject of this purported removal. *See Hernandez*, No. 1338 MDA 2024.

When a defendant in a state matter removes a case to federal court, the district court must remand the case back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Statutes that provide for removal of cases to the federal court "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).

Under 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States

have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).  However, § 1441 only applies to "civil actions," and magisterial district court matters concerning the issuance of traffic citations are not civil actions.  *See Christ v. Vora*, 294 F. App'x 752, 753 (3d Cir. 2008) (*per curiam*).  Rather, traffic citations are summary offenses over which this Court lacks jurisdiction.  *Id.* (affirming dismissal of "petition for removal" of traffic citations on the basis that the court lacked subject matter jurisdiction); *Pennsylvania v. Vora*, 204 F. App'x 134, 136 (3d Cir. 2006) (*per curiam*) (holding that a federal district court does not have jurisdiction over a state traffic court matter); *Lamb v. New Jersey*, No. 12-6782, 2012 WL 5830424, at *2 (D.N.J. Nov. 15, 2012) (remanding case to municipal court because "[t]his Court lacks jurisdiction over a traffic ticket case"); *Jefferson El Bey v. N. Brunswick Mun. Ct.*, No. 08-2825, 2008 WL 2510725, at *1 (D.N.J. June 19, 2008) (concluding that the "district court may not exercise jurisdiction over a municipal court proceeding" such as a traffic citation proceeding).  So, Hernandez's case is not removable as a civil action under § 1441.

To the extent that Mr. Hernandez's summary offense may be criminal in nature, he also does not meet the requirements for removal.  State-court criminal prosecutions may be removed to federal courts under limited circumstances, although courts may summarily remand a removed case if "it clearly appears on the face of the notice and any exhibits . . . that removal should not be permitted."  *See* 28 U.S.C. § 1445.  The right to remove a state court criminal matter under 28 U.S.C. § 1443(1), the only applicable provision here, is very narrow.[2]  *See Delaware v.*

---

[2] Section 1442 authorizes removal of state criminal prosecutions in certain instances against federal officers or agencies.  28 U.S.C. § 1442(a).  Section 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  28 U.S.C. § 1443(2).  The Supreme Court has directed that § 1443(2) "confers a privilege of removal only upon federal

*Desmond*, 792 F. App'x 241, 242 (3d Cir. 2020) (*per curiam*). It only allows for the removal of a state law criminal matter "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A defendant seeking removal under § 1443(1) must satisfy a two-pronged test: (1) "that he is being deprived of rights guaranteed by a federal law providing for . . . equal civil rights"; and (2) "that he is denied or cannot enforce that right in the courts of the state." *Pennsylvania v. Carroll*, 764 F. App'x 134, 135 (3d Cir. 2019) (*per curiam*) (quoting *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997)). Under the first prong of the test, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). In other words, a defendant seeking to remove a case pursuant to § 1443(1) "must allege a deprivation of rights guaranteed by a federal law 'providing for specific civil rights stated *in terms of racial equality*.'" *Desmond*, 792 F. App'x at 242 (quoting *Davis*, 107 F.3d at 1047) (emphasis added); *see also Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016) (*per curiam*) ("[A] defendant seeking to remove a case under § 1443(1) must demonstrate that the rights claimed arise under a provision of the Constitution or federal law *specifically designed to promote racial equality*, and must also specifically allege that he has been denied or cannot enforce in the state court the right that was created by the civil rights law under which he seeks protection." (emphasis added)).

---

officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Hernandez's allegations do not suggest that he falls into these categories, and therefore, neither § 1442 nor § 1443(2) provides a basis for removal of his criminal matter.

4

Mr. Hernandez does not state that his state proceedings violate his rights in terms of racial discrimination. Rather, he alleges that the state courts have not adequately afforded him accommodations for his disability under the ADA.[3] Accordingly, Hernandez has not satisfied the requirements of § 1443(1) for removal of a criminal matter to this court.

## III.   CONCLUSION

For these reasons, Mr. Hernandez's case will be remanded to the Pennsylvania Superior Court. Hernandez's Motion to Proceed *In Forma Pauperis* and Motion to Stay State Proceedings will be denied as moot.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. MCHUGH, J.**

---

[3] Hernandez filed a separate civil action about the same time he filed his notice of removal, in which he brings constitutional and ADA claims based on the same proceedings underlying this case. *See Hernandez v. Commw. of Pa.*, No. 25-3265 (E.D. Pa.).